Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*(Application for *pro hac vice* forthcoming)
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| ANDREW NAMIKI ROBERTS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| CLARE E. CONNORS, in her Official ) | |
| Capacity as the Attorney General of the ) | |
| State of Hawaii and AL CUMMINGS ) | |
| in his Official Capacity as the State Sheriff ) | |
| Division Administrator ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, ANDREW NAMIKI ROBERTS, ("Plaintiff"), by and through his undersigned counsel, and complains of the Defendants as follows:

1

## I.    PARTIES

1. Plaintiff Andrew Namiki Roberts is an adult male resident of the State of Hawaii and resides in Honolulu County and is a citizen of the United Kingdom and a legal permanent resident of the United States of America. Plaintiff received his permanent resident status on May 16, 2007.

2. Defendant Clare E. Connors is the Attorney General of the State of Hawaii and is sued in her official capacity and is responsible for enforcing the State of Hawaii's customs, policies, practices and laws related to the State of Hawaii's ban on resident aliens applying for an open or concealed handgun permit. Defendant Connors may be served at the Office of Attorney General located at 425 Queen St, Honolulu, Hawaii 96813.

3. Defendant Al Cummings is sued in his official capacity as State Sheriff Division Administrator. Defendant Cummings is responsible for enforcing the State of Hawaii's customs, policies, practices and laws related to the State of Hawaii's ban on resident aliens applying for an open or concealed handgun permit. Defendant Cummings may be served at the Department of Public Safety Sherriff's division located at 1177 Alakea Street, Room #418, Honolulu, Hawaii 96813.

## II.    JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

5. This Court has personal jurisdiction over the Defendants because they acted under the color of laws, policies, customs and/or practice of the State of Hawaii and within the geographic confines of the State of Hawaii.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

7.     Venue is proper because the Defendants execute, administer, and enforce the complained of laws against Plaintiff in this District and because the events and omissions giving rise to this action are harming Plaintiff in this District, and the State law was enacted in the State capital in this District.

### III.     STATEMENT OF FACTS

8.     Plaintiff desires to apply for a concealed or unconcealed handgun permit which would enable him to defend himself in the State of Hawaii.

9.     Plaintiff is a law-abiding permanent resident of the State of Hawaii and has no disqualifying factor which would prohibit him from legally and safely carrying his firearm outside of his home. But because Plaintiff is not a citizen of the United States of America, he cannot even apply for a permit to carry a firearm.

10.    H.R.S. § 134-9(a) states in pertinent part: "[i]n an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant <u>who is a citizen of the United States</u> of the age of twenty-one years or more or to a duly accredited official representative of a foreign nation of the age of twenty-one years or more to carry a pistol or revolver and ammunition therefor concealed on the person within the county where the license is granted." (emphasis added).

11.    As such, because Plaintiff is not a citizen of the United States of America, the chief of police of Honolulu has no discretion in which to even allow the Plaintiff to apply for a permit. Hawaii state law completely forbids anyone who is not a citizen of the United States of America from even applying because the chief of police cannot grant a license to a non-citizen.

12.    Plaintiff has refrained from carrying a firearm, either openly or concealed, in the State of Hawaii because he fears arrest, prosecution, fines and imprisonment if he were to do so

because it is unlawful for a non-citizen to receive a license to carry a handgun in the State of Hawaii.

13. Due to Hawaii licensing both open and concealed permits to carry, Plaintiff cannot open or conceal carry without a license to do so.

14. On November 30, 2018, Plaintiff went to Honolulu Police Department and inquired about applying for a permit to carry openly or concealed. He volunteered that he was not a United States citizen and was subsequently not allowed to apply for a permit to carry. As such, Plaintiff's attempt to apply for a permit, either openly or concealed, was denied.

15. A controversy exists as to whether the citizenship requirement contained in HRS 134-9(a) is unconstitutional.

16. There is no adequate remedy at law because only a declaration that HRS 134-9(a) is unconstitutional, as opposed to money damages, would allow Plaintiff as a lawfully admitted alien the opportunity to apply for a permit to carry a handgun in a concealed or open manner for self-defense.

## COUNT I
## VIOLATION OF EQUAL PROTECTION
**(U.S. Const. Amend. XIV; 42 U.S.C. 1981(a), 1983)**

17. Plaintiff realleges and incorporates the previous paragraphs by reference.

18. The citizenship requirement in HRS 134-9(a), and all other Hawaii statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying firearms based on citizenship, on their face and as-applied, are unconstitutional denials of equal protection of the laws are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing HI Rev Stat § 134-9(a)'s citizenship requirement for legal aliens;

2. An order declaring that HI Rev Stat § 134-9(a) is unconstitutional and violates the Equal Protection Clause of the United States Constitution;

3. An order declaring HI Rev Stat § 134-9(a)'s citizenship requirement unenforceable;

4. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

5. Such other Declaratory relief consistent with the injunction as appropriate; and

6. Such other further relief as the Court deems just and appropriate.

Dated:  April 2nd, 2019.

Respectfully submitted,

**ANDREW NAMIKI ROBERTS**

/s/ Alan Beck
Counsel for Plaintiff

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Pro Hac Vice Paperwork Forthcoming